# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**UNITED STATES OF AMERICA,**

        **Plaintiff,**

**-vs-**　　　　　　　　　　　　　　　　　　　　　　　**Case No. 6:06-cv-96-Orl-19KRS**

**DAVID WILLIAMS, JANET BRIDLEY,
FLORIDA UCC, INC.,**

        **Defendants.**

_____

## REPORT AND RECOMMENDATION

**TO THE UNITED STATES DISTRICT COURT**

This cause came on for consideration without oral argument on the following motion filed herein:

| | |
|---|---|
| **MOTION:** | **MOTION FOR LEAVE TO PROCEED ON APPEAL AND USE EXEMPTION NO. 262819320 TO DISCHARGE ALL FEES, DEBTS, OR OTHERWISE AT LAW AS PER HJR-192, PUBLIC LAW 73-10, 48 STAT. AT LARGE 112 (Doc. No. 98)** |
| **FILED:** | **May 21, 2007** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED**.

Defendant David Williams filed a Notice of Appeal on May 7, 2007, doc. no. 96, seeking review of the entry of judgment by the Court, doc. no. 95, and presumably the order granting the plaintiffs' motion for summary judgment, doc. no. 83. Thereafter, Williams filed the present motion, which the Court has interpreted as a motion to proceed *in forma pauperis on appeal*, as well as an

Affidavit Accompanying Motion for Permission to Appeal *In Forma Pauperis*, doc. no. 99, and a Financial Affidavit, doc. no. 100.

Pursuant to 28 U.S.C. § 1915(e), "[a]n appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith." Additionally, an application to appeal *in forma pauperis* may be denied "if it appears – objectively – that the appeal cannot succeed as a matter of law." *DeSantis v. United Technologies Corp.*, 15 F. Supp. 2d 1285, 1289 (M.D. Fla. 1998), *aff'd without opinion*, 193 F.3d 522 (11th Cir. 1999).

In his Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis, Williams claims that the complaint and judgment are "void based upon the fact that the laws cited therein lack valid enacting clauses on their face causing a lack of subject matter jurisdiction." Doc. No. 99 at 1. The rest of the documents filed in conjunction with the present motion apparently address Williams' ability to appeal *in forma pauperis*. Consequently, the Court assumes that Williams is contesting the Court's Order denying his motion challenging the jurisdiction of the Court over the present action. Doc. No. 93.

Legal theories are frivolous when they are "indisputably meritless." *Neitzke v. Williams*, 490 U.S. 319, 329 (1989); *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993). In the present action, the Court has repeatedly addressed Williams' challenges to the Court's jurisdiction. In an order dated March 28, 2007, the Court set out in detail its basis for jurisdiction. Doc. No. 93. The Court cited the provisions of the United States Constitution pursuant to which it has jurisdiction, as well as every statute providing jurisdiction for each claim in the complaint. Williams argued that the Court did not have jurisdiction over him because he never entered into a contract with the Court or the opposing

parties. Doc. No. 90. This argument is clearly meritless, as it contradicts the Constitution and is not supported by any legal authority.

Because Williams' Notice of Appeal is frivolous, I respectfully recommend that the motion be **DENIED**, and that the Court **CERTIFY** that the appeal is not taken in good faith. The Clerk of Court should serve a copy of the Court's ruling on this Report and Recommendation on the Clerk of Court for the United States Court of Appeals for the Eleventh Circuit.

Failure to file written objections to the proposed findings and recommendations contained in this report within ten (10) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on June 22, 2007.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy